J-S32005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :           PENNSYLVANIA
             Appellee        :
                                          :
             v.                     :
                                          :
MICHAEL HILLIAN                :
                                          :
             Appellant       :         No. 2968 EDA 2016

Appeal from the Judgment of Sentence August 18, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001532-2016

BEFORE: GANTMAN, P.J., STABILE, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:           **FILED JUNE 14, 2017**

Appellant, Michael Hillian, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his bench trial convictions of one count each of resisting arrest and public drunkenness.[1] We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO
> CONVICT [APPELLANT] OF THE CRIME OF RESISTING

_____

[1] 18 Pa.C.S.A. §§ 5104 and 5505, respectively.

_____

*Former Justice specially assigned to the Superior Court.

ARREST BEYOND A REASONABLE DOUBT SINCE THE TESTIMONY PRESENTED BY THE COMMONWEALTH FAILED TO SUPPORT THE NECESSARY INFERENCE THAT HE CREATED A SUBSTANTIAL RISK OF HARM TO THE OFFICERS INVOLVED OR THAT THE POLICE WERE REQUIRED TO USE SUBSTANTIAL FORCE TO TAKE HIM INTO CUSTODY ON THE DATE IN QUESTION[?]

(Appellant's Brief at 7).

When examining a challenge to the sufficiency of evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Kevin F.

Kelly, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed November 1, 2016, at 8-13) (finding: Officer Marvil credibly testified that when he responded to scene, he observed Appellant repeatedly pushing female to ground; Officer Marvil announced he was police officer and instructed Appellant to stop; when Appellant failed to comply, Officer Marvil pulled Appellant away and attempted to arrest him; as Officer Marvil restrained Appellant's hands, Appellant aggressively reached toward his waistband; Officer Gill then arrived at scene and assisted Officer Marvil; when Appellant continued to resist, Officer Marvil struck back of Appellant's head with open palm; Officer Gill was then able to cuff Appellant's left hand, but officers could not cuff Appellant's right hand because he continued to resist; with his knee, Officer Marvil struck back of Appellant's leg, which enabled Officer Marvil to cuff Appellant's right hand; Officer Marvil credibly testified that absent his strikes, officers could not have subdued Appellant; throughout incident, Officer Marvil repeatedly advised Appellant he was under arrest and instructed Appellant to stop resisting and place his hands behind his back; Appellant's conduct necessitated officers' use of force to place Appellant in custody). The record supports the trial court's rationale. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2017